

**FILED**

MAR 21 2018

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| RAY HOLMES,<br><br>Petitioner,<br><br>vs.<br><br>JAMES SALMONSON,<br><br>Respondents. | Cause No. CV 18-08-M-DLC-JCL<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

On January 31, 2018, Petitioner Ray Holmes, a state prisoner proceeding pro se, filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). On February 20, 2018, pursuant to this Court's order, Holmes timely submitted an amended petition. (Doc. 5).

I. Motion to Amend Petition/Motion to Dismiss

On March 2, 2018, Holmes, along with nine other pro se prisoners, filed an "En Masse Petition for Writ of Habeas Corpus as per 28 USC §2254 and Rule 20(a) and Rule 23 of the Federal Rules of Civil Procedure," seeking to challenge the constitutionality of the criminal charging process utilized by the State of Montana. *See Diangson et. al., v. Salmonson,* CV-18-35-H-DLC-JTJ, Pet. (Doc. 1 at 19-33). But because Holmes already had the present habeas matter pending, he

1

was advised the Court would construe the filing as a motion to amend the pending petition. (Doc. 7 at 2)(citing *Woods v. Carey*, 535 F. 3d 886, 888-90 (9th Cir. 2008). Holmes was further advised that the Court would consider Holmes's new claims, in addition to those advanced in his original and amended filings. *Id.*

Holmes subsequently filed a Motion to Dismiss, asking this court to dismiss the claims advanced in the "en masse" petition and, instead, review only the claims advanced in his original application for writ of habeas corpus and amended petition. (Doc. 9).

Holmes's request will be **GRANTED**. The Court will dismiss the "en masse" claims contained in Document 8. Holmes's original claims are addressed below.

## II. Original 28 U.S.C. § 2254 Petition/Amended Petition

The Court is required to screen all actions brought by prisoners who seek relief. 28 U.S.C. § 1915(a). The Court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally frivolous or fails to state a basis upon which relief may be granted. 28 U.S.C. § 1915A(b)(1), (2). The Court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 Governing Section 2254 Cases. As set forth below, Mr. Holmes's petition should be dismissed because it is unexhausted and fails to state a claim cognizable in federal habeas. Dismissal

should be without prejudice.

### i. Procedural History

On February 22, 2016, Holmes received a 50-year sentence following convictions for Bail Jumping, Burglary, and sixteen counts of Violation of an Order of Protection in Montana's Fourth Judicial District, Mineral County. (Doc. 4 at 2). From Holmes's petition, it is unclear exactly how much of this sentence was suspended, but Holmes attaches a portion of a transcript from his sentencing hearing wherein the trial court contemplated suspending a portion of the sentence conditioned upon Holmes's completion of an intensive treatment program. (Doc. 4-1 at 1). Since he has been in the custody of the Montana State Prison, Holmes successfully completed the Chemical Dependency program offered at the Intensive Treatment Unit. *Id.* at 2. Holmes contends that the oral pronouncement of sentence does not match the written judgment. (Doc. 4 at 3, ¶ 15(A)). Holmes believes that because he has completed a treatment program, the remainder of his sentence should be suspended and he should be released from custody. *Id.*

Holmes asks this Court to order the State of Montana to amend his written sentence and order his immediate release. *Id.* at 4, ¶ 18.

### ii. Analysis

As a preliminary matter, it does not appear that Holmes raises a claim cognizable in habeas. 28 U.S.C. § 2254(a) states: "[A] district court shall entertain

3

an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." *See also* Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. "[F]ederal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991)(citations omitted). "[E]rrors of state law do not concern us unless they rise to the level of a constitutional violation." *Oxborrow v. Eikenberry*, 877 F. 2d 1395, 1400 (9th Cir. 1989). To state a cognizable federal habeas claim based on a claimed state sentencing error, a petitioner must show that the alleged error was "so arbitrary or capricious as to constitute an independent due process violation." *Richmond v. Lewis*, 506 U.S. 40, 50 (1992). Holmes has made no such showing.

Because the claim Holmes attempts to advance challenges the state court's application of Montana state sentencing law, the claim is not cognizable in a federal habeas proceeding. Moreover, Holmes has not demonstrated that the trial court arbitrarily or capriciously erred in the exercise of its sentencing discretion. But these are not the only defects from which Holmes's petition suffers; his claim is also unexhausted.

Federal courts may not grant a writ of habeas corpus brought by an individual in custody pursuant to a state court judgment unless "the applicant has

exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A). The exhaustion requirement is grounded in the principles of comity and gives states the first opportunity to correct alleged violations of a prisoner's federal rights. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

To meet the exhaustion requirement, a petitioner must (1) use the "remedies available," § 2254(b)(1)(A), through the state's established procedures for appellate review, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); (2) describe "the federal legal theory on which his claim is based," *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008); and (3) describe "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies," *id.* See also *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) (discussing *Picard v. Connor*, 404 U.S. 270 (1971) and *Anderson v. Harless*, 459 U.S. 4 (1982)). A petitioner must meet all three prongs of the test in one proceeding.

Even if Holmes could conceivably convert his claim into one cognizable in federal habeas, it does not relieve him of the burden of first presenting such a claim to the state courts. Holmes's Amended Petition demonstrates he did not seek direct review of his conviction. (Doc. 4 at 2, ¶ 8). Holmes indicates he filed a petition for postconviction relief, but it appears this was actually a Motion to Amend the Written Judgment. *Compare* (Doc. 4 at 3, ¶ 11)(indicating Holmes filed a petition for postconviction relief) *with* (Doc. 1 at 1)(referencing the filing of

5

a Motion to Amend the Written Judgment). Holmes states the trial court granted "partial amendment" of the written judgment, (doc. 1 at 1), but Holmes did not appeal the trial court's ruling because he believed the appeal would be untimely. *Id.* at 3, ¶¶ 12-13.

The Montana Supreme Court has not yet laid eyes on the claim Holmes attempts to advance.[1] Accordingly, there are still remedies available under state law, including extraordinary and collateral review. Because Holmes has not yet exhausted his available state court remedies, this Court cannot review the claim. *See Rose v. Lundy*, 455 U.S. 509 (1982). Dismissal is **without prejudice** and Holmes may return to this Court if and when he fully exhausts the claim relative to his current custody in the state courts.

### III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues

---

[1] See generally: https://supremecourtdocket.mt.gov/search/acsearch (accessed March 21, 2018).

presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Holmes has not made a substantial showing that he was deprived of a constitutional right. Further, because his petition is unexhausted, reasonable jurists would find no basis to encourage further proceedings. There are no close questions and there is no reason to encourage further proceedings in this Court. A certificate of appealability should be denied.

Based on the foregoing, the Court makes the following:

## ORDER

Holmes Motion to Dismiss the "En Masse" claims (Doc. 9) is GRANTED. The Court will adjudicate only the claims contained in Holmes original application (Doc. 1) and Amended Petition (Doc. 4).

## RECOMMENDATION

1. The Amended Petition (Doc. 4) should be DISMISSED without prejudice.

2. The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Holmes may object to this Findings and Recommendation within 14 days.[2] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

Mr. Holmes must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address." Failure to do so may result in dismissal of his case without notice to him.

DATED this 21st day of March, 2018.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge

---

[2] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Holmes is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.